IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:06CR196 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| ANTHONY MURPH, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on the Report and Recommendation (Filing No. 33) issued by Magistrate Judge Thomas D. Thalken recommending denial of the motion to suppress filed by the Defendant, Anthony Murph (Filing No. 15). The Defendant filed a statement of objections to the Report and Recommendation and a supporting brief (Filing Nos. 34, 35) as allowed by 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a).

The Defendant is charged in a two-count Indictment with possession with intent to distribute cocaine base (Count I) and possession of cocaine base (Count II). (Filing No. 1.) The Defendant seeks the suppression of evidence seized and statements made as a result of the May 5, 2005, stop and detention, search of the vehicle in which Murph was a passenger, search of Murph's person, and custodial questioning.

Following an evidentiary hearing, Judge Thalken issued a Report and Recommendation in which he concluded: as a passenger Murph has standing to challenge the search and seizure of the vehicle; officers' initial contact with the vehicle and its occupants became an investigative detention supported by a reasonable articulable suspicion of criminal activity when Officer Gordon saw what he believed to be brass knuckles in the vehicle and opened the vehicle door, with the occupants' evasive and erratic behavior contributing to the reasonable suspicion; the detention, based on Officer

Gordon's incorrect but reasonable assessment of the facts inasmuch as once the door was open he realized that the object was not brass knuckles but rather a gun, does not violate the Fourth Amendment; officers had a reasonable articulable suspicion to approach and detain the Defendant; a warrantless search was justified under *Terry* and, alternatively, as a search incident to the Defendant's arrest; and the custodial statements made before the Defendant was advised of his *Miranda* rights were made in response to the discovery of contraband and were volunteered.

On the basis of these determinations, Judge Thalken recommended that the Defendant's motion to suppress be denied.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C) and NECrimR 57.3(a), the Court must make a de novo determination of those portions of the report, findings, and recommendations to which the Defendant has objected. The Court may accept, reject, or modify, in whole or in part, the Magistrate Judge's findings or recommendations. The Court may also receive further evidence or remand the matter to the Magistrate Judge with instructions.

## STATEMENT OF FACTS

Judge Thalken provided a detailed account of the events surrounding the encounter, investigative detention, searches, and arrest. The Court has considered the transcript of the hearing conducted by Judge Thalken. (Filing No. 30.)

Briefly, a dispatch call alerted officers to a suspicious vehicle. Officers Gordon and Turnbull responded. As Officer Turnbull shined his light into the vehicle, the occupants ducked down. The officers approached, and Officer Gordon saw what he believed to be

brass knuckles underneath the Defendant.  Officer Gordon opened a rear door and then realized that the object was a gun.  He removed the Defendant, handcuffed him, and searched him.  The search of the Defendant's pocket revealed a substance that appeared to be 88 rocks of crack cocaine.  The Defendant made spontaneous statements about the suspected cocaine.  He was transported to police headquarters, where during processing he made additional volunteered statements.  He was later advised of his *Miranda* rights.  He invoked his rights and declined to make any further statements.

## ANALYSIS

The Defendant objects to the following portions of Judge Thalken's Report and Recommendation:

- the factual finding on page 2 that "Officer Gordon believed the object under Mr. Murph's hip was brass knuckles at the time he opened the car door. Officer Gordon testified that he had determined the object underneath Mr. Murph's hip was *not* brass knuckles prior to the time he opened the car door";

- the legal conclusion on pages 5-7 that reasonable suspicion for the search existed;

- the legal conclusion on page 6 that reasonable suspicion existed for the search even if Officer Gordon was mistaken about the weapon;

- the legal conclusion on page 7 that, as an alternative, the search was justified as incident to the Defendant's arrest.

3

*Factual Finding*

The Defendant argues that Officer Gordon did not know what the object was until he opened the door, quoting some of Officer Gordon's testimony on cross examination. (Filing No. 35, at 6-7 (quoting Tr. 17:14-18:3).)  However, to resolve the confusion surrounding Officer Gordon's testimony on this point, the Court posed the following question:

> THE COURT:   What did you believe the object to be?
>
> THE WITNESS:   Initially, I thought it was a pair of chrome brass knuckles, because I later observed that the ring that I saw was the trigger guard.  When I saw the rounded portion, I thought that was a trigger guard – or I thought it was a brass knuckle, which I later learned to be a trigger guard.

(Tr. 21:11-17.)

On redirect examination, it was established that in the above-quoted testimony Officer Gordon was referring to when he first looked in the vehicle with his flashlight before he opened the door.  (Tr. 21:22-24.)

In making the Defendant's argument that reasonable suspicion did not exist, counsel states in the Defendant's brief that Officer Gordon believed that brass knuckles were "perfectly legal." (Filing No. 35, at 6.)  This is an accurate statement of Officer Gordon's belief that brass knuckles alone are legal in Nebraska.[1]  (Tr. 21:2.)  However, Officer Gordon testified that he believed them to be illegal if used to commit a felony. (Tr. 21:5-8.)

---

[1] As indicated by Nebraska law, carrying a concealed weapon, including brass knuckles, is illegal.  Neb. Rev. Stat. § 12-1202.  The law defines "brass knuckles."  Neb. Rev. Stat. § 28-1201(5).

Considering this testimony, the objection to Judge Thalken's factual finding is denied.

### *Reasonable Suspicion*

Officer Gordon testified that he initially believed that the object in question was brass knuckles. Nebraska law prohibits the carrying of a concealed weapon, including brass knuckles. Neb. Rev. Stat. § 28-1202. Therefore, officers had reasonable suspicion to search the Defendant and the vehicle. *United States v. Hanlon,* 401 F.3d 926, 929-30 (2005) (under the totality of the circumstances officers had a reasonable suspicion that the defendant possessed a weapon).

Moreover, even taking into account Officer Gordon's mistake in believing that the object was brass knuckles rather than a gun, officers had reasonable suspicion for the searches under *Terry*. *United States v. Bailey,* 417 F.3d 873, 877 (8th Cir. 2005) (a mistaken belief suffices, if officers do not know that it is mistaken and act reasonably). Officer Gordon testified that he believed he saw a weapon, and his mistake related to the type of weapon. No case law has been cited indicating that this type of mistake cannot support an otherwise legal *Terry* stop or search.

The objections relating to the issue of reasonable suspicion are denied.

### *Search Incident to Arrest*

The objection to the Court's alternative conclusion that the search was legal as incident to the Defendant's arrest was not argued in the brief. (Filing No. 35.) The issue is therefore deemed abandoned and is denied. NECrimR 57.3(a) (requiring the statement of a "basis" for the objection).

5

## CONCLUSION

For the reasons discussed, the Report and Recommendation is adopted and the Defendant's objections are denied.

IT IS ORDERED:

1.  The Magistrate Judge's Report and Recommendation (Filing No. 33) is adopted in its entirety;

2.  The Statement of Objections to the Report and Recommendation (Filing No. 34) is denied;

3.  The Defendant's Motion to Suppress (Filing No. 15) is denied.

DATED this 26th day of August, 2008.

BY THE COURT:


s/Laurie Smith Camp
United States District Judge